UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MIKE PARTIN, CHRISTA PARTIN, *and* <br> MIKE PARTIN TRUCKING <br> <br> v. <br> <br> FLOYD DON DAVIS; <br> FRANKLIN COUNTY, TENNESSEE; <br> DEPUTY MARTIN TYLER *in his individual* <br> *Capacity*; JASON IKARD, *and* <br> ICKARD TOWING | Case No. 4:15-cv-8-TRM-CHS |

<u>REPORT and RECOMMENDATION</u>

The parties came before the Court on April 8, 2016, for a hearing on Plaintiffs' motion to amend their complaint [Doc. 43]. Plaintiffs seek to add new facts relating to the issuance of a writ which is the subject of this lawsuit.[1] Plaintiffs' motion was filed on March 24, 2016. However, pursuant to the Court's Scheduling Order entered on May 19, 2015, the deadline to amend the pleadings expired December 8, 2015; the discovery deadline expired March 1, 2016, and the dispositive motions deadline expired March 29, 2016.

Under Fed. R. Civ. P. 15(a)(2), "the court should freely give leave [to amend] when justice so requires." Leave is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[1]Because the undersigned finds the Plaintiffs' motion to amend their complaint should be denied, I am submitting this opinion in the form of a report and recommendation. I do so because, absent consent of the parties, a magistrate judge is not authorized to make final decisions dispositive of a claim or defense of a party. *See* Fed. R. Civ. P. 72, 28 U.S.C. § 636(b); *HCC, Inc. v. RH & M Machine Co.*, 39 F. Supp. 2d 317 (D.C.N.Y. 1999) (magistrate judge's recommendation that defendant's motion for leave to amend a pleading be denied as futile would be reviewed *de novo* because denial of leave to amend was dispositive).

The Court must also consider the Plaintiffs' motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909. Rule 16 permits modification of the scheduling order "only for good cause and with the judge's consent." Rule 16(b)(4); *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005). Plaintiffs assert there is good cause to amend their complaint because they seek to add factual allegations which were only recently learned following the deposition of a witness. However, it is conceded that this deposition took place outside the discovery period. The Court finds that Plaintiffs engaged in undue delay in seeking the discovery that they now argue forms the basis for the instant motion. Further, it would significantly prejudice the other parties to permit amendment at this stage when discovery is closed and the motion was filed only four days before dispositive motions were due. Currently, there are four motions for summary judgment pending.

I conclude Plaintiffs have not shown good cause to allow them to amend their pleadings after the deadline to do so has expired. Accordingly, it is RECOMMENDED that the motion to amend [Doc. 43] be DENIED.[2]

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).