UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| MIKE PARTIN, *et al.*, | ) | |
| | ) | Case No. 4:15-cv-8 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| FLOYD DON DAVIS, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Before the Court is plaintiffs' motion to amend their complaint. (Doc. 43.) On April 11, 2016, Magistrate Judge Christopher H. Steger filed a Report and Recommendation ("R&R") recommending the Court deny Plaintiffs' motion to amend their pleadings after the deadline to do so had expired. (Doc. 63.) The Plaintiffs filed a timely objection to the R&R (Doc. 70), Defendants have responded (Docs. 71, 73, 74), and Plaintiff has replied (Doc. 72).

This action was filed on February 23, 2015. (Doc. 1.) On May 19, 2015, the Court entered a scheduling order with an amendment to the pleadings deadline of December 8, 2015; a discovery deadline of March 1, 2016; and a trial date of July, 12, 2016. (Doc. 24.) On February 3, 2016, the parties filed a joint motion to amend the scheduling order deadlines citing "scheduling restraints." (Doc. 37.) The Court denied that motion on the basis that "unidentified 'scheduling restraints'" during discovery are insufficient to demonstrate good cause and warrant modification of the scheduling order. (Doc. 38.) With that Order, the Court reminded the parties that they were free to conduct discovery outside of the discovery deadline by agreement. (*Id.* at 2.) Subsequent to that Order, the parties conducted discovery outside the deadline by agreement

and, based upon that discovery, Plaintiffs filed a motion to amend the complaint in which they argue that newly discovered facts support additional legal theories under which they could recover. (Doc. 43.)

Magistrate Judge Steger held a hearing on the motion to amend and, on April 11, 2016, entered an R&R recommending denial of the motion on the basis that Plaintiffs failed to show good cause for the amendment. (Doc. 63.) Judge Steger determined that Plaintiffs engaged in undue delay in seeking the discovery initially and that amendment of the complaint at this stage in the litigation would significantly prejudice the other parties. (*Id.* at 2.) Plaintiffs object to the R&R by asserting that, because the depositions were taken outside the discovery deadline by agreement, there was no undue delay, bad faith, or dilatory motive, and the parties would not be prejudiced by the amendment. (Doc. 70, at 2.) Defendants oppose Plaintiffs' objection and assert that the clerks are entitled to quasi-judicial immunity and that subsequent amendment to the trial schedule at this late date would prejudice the parties. (Doc. 71.)

Rule 15 provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend based on "undue delay, bad faith or dilatory motive . . . [or] for futility of amendment." *Prater v. Ohio Educ. Ass'n*, 505 F.3d 437, 445 (6th Cir. 2007). In consideration of an amendment to the pleadings, where a deadline established by a court's case management order has passed, "a [party] first must show good cause under Rule 16(b) for failure to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in

attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citations omitted). The Sixth Circuit has provided that an amendment sought at a late stage of litigation suffers, "an increased burden to show justification for failing to move earlier." *See Bridgeport Music, Inc. v. Dimension Films*, 401 F.3d 647, 662 (6th Cir. 2004) (citation omitted).

As the magistrate judge properly found, Plaintiffs have not shown good cause for granting their motion. Plaintiffs' motion to amend was filed on March 24, 2016—a full three months after the amendments deadline of December 8, 2015, and just days prior to the dispositive motions deadline of March 29, 2016. (Doc. 43.) To satisfy their burden to show good cause, Plaintiffs rely on this Court's denial of their earlier motion for extensions of time, and the fact that the parties agreed to take discovery after the discovery deadline. (*See* Doc. 80.) However, this is insufficient to justify Plaintiffs' undue delay. Plaintiffs have failed to demonstrate diligence in attempting to meet the scheduling order deadlines, and they have failed to justify their undue delay in seeking the discovery they now argue forms the basis for their motion. (*See* Doc. 38 (finding "unidentified 'scheduling restraints'" insufficient to constitute good cause)). As such, after a careful review of this matter, the Court is in agreement with the magistrate judge's conclusion that Plaintiffs' motion to amend should be **DENIED**.

Accordingly, the Court will **ACCEPTS** and **ADOPTS** the magistrate judge's R&R. It is **ORDERED**, for the reasons stated in the R&R, which the Court adopts and incorporates into its ruling, that Plaintiffs' motion to amend (Doc. 43) is **DENIED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**